■ In the Matter of the Claim of Paul Schillaci, Respondent, v. 175 West 12th Street Construction Corporation et al., Appellants. Workmen's Compensation Board, Respondent.— Taylor, J. Upon a shortened record an employer and its carrier appeal from a decision and award of the Workmen's Compensation Board for continuing partial disability contending that there is no substantial medical evidence of causally related disability subsequent to July 20, 1961 and from an order of the board denying their application for a further review. In the late evening of December 20, 1960 an unknown and apparently unapprehended intruder upon the employer's premises struck claimant, a night watchman, on the right side of his face with a two-by-four. As a result of the assault thus perpetrated claimant sustained facial abrasions and lacerations and a depressed fracture of the right zygomatic arch with medial displacement. Hospitalization for a period of 10 days followed during which an open reduction of the right maxilla was performed. On March 16, 1961 claimant resumed his employment for a period of three months and then ceased work. An uncontested award to July 20, 1961 based on a 50% disability was made and paid. The record contains reports by an attending neurologist expressing the firm

medical opinion based on persistent symptoms of headaches and dizziness that claimant was suffering from a causally related post-concussion syndrome which partially disabled him. Quite obviously the board accepted this proof as the basis for the award appealed from. Appellants argue that " Since the testimony of Dr. Wildman, the impartial specialist, as well as his report, clearly indicates no cerebral concussion and no further causally related disability * * * the decision of the board * * * is not supported by substantial evidence in the record and thus cannot be sustained." Where, as here, there is substantial evidence in both directions the board's choice of the more credible is final. The scope of our power on appeal is limited to the inquiry whether there is substantial evidence to support its finding. The board was not bound to follow the views of its impartial medical specialist. (*Matter of Moniot* v. *Empire State Wine Co.*, 282 App. Div. 899, mot. for lv. to app. den. 306 N. Y. 984.) The appeal from the board's order denying carrier's application for a further review is not argued. Its action cannot, in the circumstances, be regarded as arbitrary in any event. Whatever off-the-record discussion there may have been as to calling an impartial specialist and bringing none of the many reporting physicians in to " testify ", there is no contention that the medical reports themselves, included in the record submitted by appellants and certified by the secretary of the Workmen's Compensation Board as before the board were to be excluded from consideration. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Aulisi and Hamm, JJ., concur.